Alexander P. BREWER, Petitioner,

v.

Ralph AARON, Warden, United States Penitentiary, Marion, Illinois, Respondent.

No. 75 Civ. 2488.

United States District Court, S. D. New York.

Jan. 13, 1976.

---

Alexander P. Brewer, pro se.

Thomas J. Cahill, U. S. Atty., S.D. N.Y., for respondent by Allen R. Bentley, Asst. U. S. Atty., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This action was commenced by Alexander P. Brewer pursuant to 28 U.S.C. § 1361 to require the Warden of the United States Penitentiary, Marion, Illinois, where Brewer is incarcerated, to transfer him to the Federal Detention Center in New York City. The basis for this mandamus action is the allegation by petitioner, as I understand it, that no hearing has been held on revocation of his parole by New York State, although the state has lodged a detainer against Brewer with the Federal authorities. Brewer apparently believes that the existence of the detainer, without a determination of the alleged parole violation, is depriving him of some rights.

It appears that Brewer was on parole by New York State when he committed the crimes on which he was prosecuted, convicted and sentenced in federal court. Brewer now seeks to compel his transfer to New York so that a hearing may be held on the alleged parole violation.

The federal defendant has moved to dismiss the petition for improper venue. Defendant has also requested that C. E. Fenton, successor in office to the named defendant, be substituted as defendant pursuant to Rule 25(d), Fed.R.Civ.P. This request to substitute defendants is granted.

The basis for the defendant's motion to dismiss is that 28 U.S.C. § 1391(e),[1] the applicable venue provision, requires the suit to be brought where either the defendant resides or where the plaintiff resides. Petitioner makes no allegations as to the residence of either himself or the defendant.

The defendant argues that even if petitioner is a resident of this district, that his suit may not be brought here since § 1391(e)(4) allows suit against a federal officer or employee in the district where plaintiff resides only when the action would otherwise be venued in the District of Columbia. See *Natural Resources Defense Council v. Tennessee Valley Authority*, 459 F.2d 255 (2d Cir. 1972). Therefore, it is argued, the suit should have been brought in the Eastern District of Illinois, where the defendant resides.

---

1. 28 U.S.C. § 1391(e) provides in pertinent part:

    "A civil action in which each defendant is an officer or employee of the United States . . . may . . . be brought in any judicial district in which: (1) a defendant in the action resides . . . or (4) the plaintiff resides if no real property is involved in the action."

However, in the petitioner's reply to the motion there is reference to an earlier suit (a habeas corpus petition) relating to the same matters which was apparently dismissed by a Judge in Illinois. That Judge, according to petitioner, directed Brewer to bring his action in "The U. S. District court of the Southern District of Albany, New York . . ."

Without a transcript of the Illinois proceedings or a copy of the order in that case, I am unable to ascertain what the holding of the Illinois Judge actually was. However, the reference to Albany would suggest that the Illinois Judge was directing petitioner to make his applications to the New York State Board of Parole located in Albany. This would appear to be the proper course of action since at this point it is unclear that transferring the petitioner to this district would have any effect on the New York State Board of Parole, or that petitioner is entitled to such a transfer until he has sought a hearing from the Parole Board.

Accordingly, although Brewer's action might be proper in the Southern District of New York, if in fact he is a legal resident of this District (see *Kahane v. Carlson*, 527 F.2d 492 (2d Cir. 1975), the motion to dismiss is granted with leave to replead. In any renewed action in this district petitioner should make an adequate showing that his legal residence is the Southern District. However, petitioner is recommended to first pursue whatever rights he may have under the reasoning of *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975) by application to the New York State Board of Parole.

SO ORDERED.